# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN WILLETTE,
       Petitioner,

v.                                               Case No. 13-C-1451

GARY BOUGHTON, Warden,
Prairie du Chien Correctional Institution,
       Respondent.

## ORDER

John Willette has filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

Having reviewed the petition, I have serious doubts about whether Willette has a viable claim for habeas relief. To begin with, it is not clear which federal laws Willette thinks were violated during the imposition of his conviction and sentence. Willette alleges that in computing his sentence, the trial judge counted some of his prior offenses twice and changed the date of other prior offenses. Willette does not indicate how this might have resulted in a violation of federal law, and it is not obvious to me that it did. Still, it is

possible to characterize his claim as one alleging a violation of double jeopardy or that his sentence was based on inaccurate information. See United States v. Mannino, 212 F.3d 835, 846 (3d Cir. 2000) (stating that a petitioner's due process rights are implicated if a sentence was imposed based on legal or factual error). Willette also seems to be complaining about his counsel's performance, see Petition § VII, and so he may have a claim for ineffective assistance of counsel. But another problem is that it appears that Willette has not exhausted his claims through one complete round of state appellate review. He did not take a direct appeal, and although he filed a state post-conviction motion in the trial court, he did not appeal the trial court's denial of that motion to either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Still, it is conceivable that Willette has an excuse for his failure to exhaust, and because lack of exhaustion is an affirmative defense, I will not dismiss the petition on that ground at this time. Accordingly, respondent will be ordered to file a response to the petition.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

2

Case 2:13-cv-01451-LA   Filed 01/10/14   Page 2 of 3   Document 4

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge