# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN WILLETTE,
        Petitioner,

v.                                              Case No. 13-C-1451

TIM HAINES, Warden,
Prairie du Chien Correctional Institution,
        Respondent.

## DECISION AND ORDER

      John Willette has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a plea of no contest, a Wisconsin court convicted Willette of OWI (7th, 8th, or 9th offense), in violation of Wis. Stat. § 346.65(2)(g)1. On December 29, 2011, the court sentenced Willette to four years of initial confinement and four years of extended supervision. Willette did not take a direct appeal from the judgment of conviction. However, on October 3, 2012, Willette filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. The trial court denied this motion on December 13, 2012, and Willette did not appeal. Instead, he commenced the present action on December 30, 2013. The respondent argues that Willette is not entitled to relief because he has failed to exhaust his state-court remedies.

      A habeas petitioner must exhaust his state-court remedies before seeking relief in federal court. See 28 U.S.C. § 2254(b). To properly exhaust state-court remedies, a petitioner must raise the federal issues he seeks to pursue in his federal petition at each and every level in the state court system. Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). A habeas petitioner who has exhausted his state court remedies without properly

asserting his federal claim at each level of state court review has procedurally defaulted that claim. Id. at 1026. A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice. Id.

In the present case, Willette has failed to present his federal claims to the Wisconsin appellate courts. The respondent contends, and Willette does not dispute, that the time for Willette to present his claims to the Wisconsin appellate courts has expired, and that therefore Willette no longer has any state remedies available. See Answer at 6–7. It follows that Willette has procedurally defaulted his federal claims. Willette has not shown cause for and prejudice stemming from the default, or that the denial of relief will result in a miscarriage of justice. Accordingly, I must deny the petition.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2014.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge